IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-84-BO

| | |
|---|---|
| TED D. SPRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE BOARD OF TRUSTEES OF CAPE FEAR ) | |
| COMMUNITY COLLEGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff's motion to disqualify the law firm of Ward and Smith, P.A. (Ward and Smith) from representing defendant Board of Trustees of Cape Fear Community College (the Board). [DE 13]. A hearing was held before the undersigned on September 3, 2015, in Raleigh, North Carolina, and the matter is ripe for ruling. For the following reasons, plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff initiated this action on March 27, 2015, by filing a complaint in New Hanover County Superior Court naming the Board as defendant. The complaint alleging a state law claim for breach of the employment agreement between plaintiff and the Board, a federal claim under 42 U.S.C. § 1983 for violation of plaintiff's constitutionally protected property and liberty interests in his employment; and a claim for attorney's fees pursuant to 42 U.S.C. § 1988. The Board removed the case to this Court on April 29, 2015. John Martin and William Austin of Ward and Smith filed notices of appearance on behalf of the Board that same day. Subsequently, Mr. Spring amended his complaint to include as defendants the individual members of the Board, who are also represented by Ward and Smith.

Mr. Spring was the president of Cape Fear Community College (the College) from approximately August 28, 2012, until his resignation on March 4, 2015. Throughout the course of plaintiff's tenure as president, Ward and Smith served as general counsel to the College. As president, plaintiff frequently consulted with, received advice from, and provided confidential information to Ward and Smith, which was acting in its capacity as the College's attorney. Plaintiff alleges that he dealt most frequently with attorney James W. Norment, whom Ward and Smith assigned to handle the College's legal matters. Mr. Norment has provided legal services to the Board and the College since approximately 2002. It is undisputed that Mr. Norment does not handle personal legal issues for the Board members or the College's staff. Plaintiff did not discuss his employment situation with Mr. Norment before or after the January 22, 2015, meeting at which the Board gave him the opportunity to resign. Mr. Norment did meet with plaintiff and his wife to discuss plaintiff's severance package, at which time plaintiff was advised to consult with his personal counsel concerning the severance agreement.

Ward and Smith currently represents the Board and its members. Plaintiff contends that Mr. Norment is an "individual likely to have discoverable information" in this matter pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, expects to take Mr. Norment's deposition, and plans to call him as a witness at trial. On these bases, Mr. Spring has moved to disqualify Ward and Smith from representing the Board.

ANALYSIS

Plaintiff argues that Ward and Smith must be disqualified because: 1) conflicts of interest exist between its representation of defendants and its purported prior representation of plaintiff as the College president and 2) Mr. Norment is a necessary trial witness. In support of his arguments, plaintiff relies on three North Carolina Rules of Professional Conduct (RPC): 1.9,

2

which deals with duties to former clients; 1.13, which deals with organizations as clients; and 3.7, which deals with lawyers as witnesses.

The question of whether counsel should be disqualified is a matter within the discretion of the Court. *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). It requires that the Court balance "(1) the right of a party to retain counsel of his choice; and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F.Supp. 514, 517 (M.D.N.C. May 24, 1996). The "drastic nature of disqualification requires that courts ovoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights to freely choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145–46 (4th Cir. 1992).

Mr. Spring first argues that he was a client of Ward and Smith, and "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." RPC 1.9(a). To succeed on his motion to disqualify pursuant to a conflict of interest, plaintiff must demonstrate that "(1) an attorney-client relationship existed with the alleged former client; and (2) the former representation and the current controversy [are] substantially related." *Ciba Seeds*, 933 F.Supp. at 517.

Plaintiff cannot demonstrate that he was in an attorney-client relationship with Ward and Smith. Rule 1.13(a) provides that "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." A lawyer who represents a

3

corporation or other organization does not, "by virtue of that representation, necessarily represent any constituent or affiliated organization." RPC 1.7, cmt. 34. Rather, whether an attorney for an organization also represents the organization's constituent depends on whether an attorney-client relationship can "reasonably be inferred" from the parties' conduct; it follows that the constituent's belief that he was personally represented by the organization's attorney must be reasonable. *Classic Coffee Concepts, Inc. v. Anderson*, 2006 NCBC 21, *7 (Dec. 1. 2006).

Here, plaintiff cannot demonstrate that any belief that he was personally represented by corporate counsel is reasonable. He has not argued or produced evidence indicating that he signed any type of engagement agreement, was billed or paid for services, or received any personal advice on legal matters. Indeed, Mr. Norment told plaintiff to consult with an outside attorney regarding personal claims. [DE 18–1]. Mr. Spring'ss complaint refers to Mr. Norment as "the College's attorney" and alleges that he was not given the opportunity to "consult with an attorney" before being "forced to make a decision" as to whether to resign. [DE 10 at ¶¶ 72, 75]. Given that Mr. Norment was present at the meeting, Mr. Spring would not have needed time to seek advice of counsel had he believed that he was represented by Mr. Norment. Plaintiff cannot demonstrate that he was in an attorney-client relationship with Ward and Smith. Because Mr. Spring is not a former client of Ward and Smith, Ward and Smith owes him no duty as a former client. Correspondingly, there is no conflict of interest under RPC 1.9 and plaintiff's motion to disqualify on the grounds of prior representation fails.

Mr. Spring also argues that Ward and Smith cannot represent defendant because Mr. Norment is a necessary witness. Rule 3.7(b) provides that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." The rationale behind the rule is that "the

4

tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness." RPC 3.7(b), cmt. 5. The rule carves out an exception for conflicts of interest addressed in Rules 1.7 and 1.9. *Id.* As set forth *supra*, no attorney-client relationship ever existed between Mr. Norment and Mr. Spring or Ward and Smith and Mr. Spring. Accordingly, there can be no conflict of interest between those parties, and Rule 3.7(b) clearly counsels that attorneys at Ward and Smith other than Mr. Norment may represent defendants at trial.

In sum, the Court is not convinced that allowing Ward and Smith to represent the Board in this case would have any negative effect whatsoever on the public perception of or public trust in the judicial system. Assuming *arguendo* that some minimal negative public perception might result, it clearly is outweighed by the right of defendants to retain counsel of their choice. In its discretion, therefore, the Court finds that plaintiff has not proven that Ward and Smith should be disqualified from representing defendants in this lawsuit and denies plaintiff's motion.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to disqualify counsel [DE 13] is DENIED.

SO ORDERED, this __18__ day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE