IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:15-CV-84-BO

| | |
|---|---|
| TED D. SPRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE BOARD OF TRUSTEES OF CAPE ) | |
| FEAR COMMUNITY COLLEGE, LOUIS ) | |
| A. BURNEY, JR., ANN M. DAVID, A.D. ) | |
| "ZANDER" GUY, JASON C. HARRIS, ) | |
| JIMMY R. HOPKINS, SAMUEL R. ) | |
| IBRAHIM, CHALRES R. KAYS, JOHN F. ) | |
| MELIA, MARY LYONS ROUSE, DAVID ) | |
| L. RAY, WILLIAM R. TURNER, JR., ) | |
| WOODY WHITE, and C. BRUCE ) | |
| WILLIAMS, III, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the motion (D.E. 71) by plaintiff Ted D. Spring ("plaintiff") to compel responses to requests for production of documents from defendant The Board of Trustees ("the Board") of Cape Fear Community College ("CFCC"). The motion has been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* 15 Mar. 2016 Public D.E.). For the reasons set forth below, the motion will be allowed in part and denied in part.

## BACKGROUND

### I. PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff commenced this action on 27 March 2015 in the Superior Court of New Hanover County, North Carolina, naming the Board as the only defendant. (Compl. (D.E. 1-1)). The Board removed the action to this court on 29 April 2015. (*See* Notice of Removal (D.E. 1)).

Plaintiff amended his complaint on 8 May 2015 to add the individual members of the Board as defendants in their official capacity (referred to collectively with the Board as "defendants"). (*See* Am. Compl. (D.E. 10)).

Plaintiff's amended complaint arises from his employment as President of CFCC which began on 28 August 2012. (*Id.* ¶ 19). Plaintiff entered into an employment agreement with the Board governing his employment. (*Id.* ¶¶ 17, 19). Following a series of disagreements with one or more members of the Board, on 20 January 2015, a Board meeting was held at which plaintiff was informed that the Board had decided not to renew his contract when it was up for renewal in November of 2015. (*Id.* ¶ 69). The Board further informed him that, in violation of the terms of his employment agreement, unless he resigned on the spot the Board would fire him that evening. (*Id.* ¶¶ 69, 70, 74). In response, plaintiff resigned involuntarily. (*Id.* ¶¶ 73, 81).

In his amended complaint, plaintiff asserts claims for breach of contract against the Board (*id.* ¶¶ 99-105); violation of his right to due process under the North Carolina constitution against the Board (*id.* ¶¶ 106-19); and violation of his right to due process under the United States Constitution, pursuant to 42 U.S.C. § 1983, against the individual defendants (*id.* ¶¶ 120-28). He seeks damages, reinstatement to his prior position, other injunctive relief, attorneys' fees, and other relief. (*Id.* at 30-31 ¶¶ 1-7). Defendants deny the material allegations in the amended complaint. (*See generally* D.E. 57).

## II.  DISCOVERY PROCEEDINGS

The court entered a scheduling order on 25 August 2015 (*see* Sched. Order (D.E. 63)), which adopted the parties' proposed discovery plan (D.E. 62). The discovery plan provided that "the requesting party is entitled to have electronic files produced in 'native' format, with accompanying metadata, upon request." (Disc. Plan 2). On 22 September 2015, plaintiff served

2

on the Board his first requests for production of documents. (Mot. ¶ 2). On 23 November 2015, the Board served its responses. (Resp. to Disc. Reqs. (D.E. 71-1)). On 3 December 2015, plaintiff sent a letter to defendants' counsel addressing perceived deficiencies in the Board's production. (3 Dec. 2015 Ltr. (D.E. 71-2)). Thereafter, the Board produced some supplemental documents (*see* Mot. ¶ 6), but plaintiff contends that the Board's production is still incomplete. On 25 February 2016, plaintiff filed his motion to compel. He seeks further production pursuant to Production Requests Nos. 5, 8, 9, and 12, and re-production of documents in native format.

## DISCUSSION

I.  APPLICABLE LEGAL PRINCIPLES GOVERNING DISCOVERY

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sept. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle*

*House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'") (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with its discovery responses a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted absent, among other circumstances, when the opposing party's opposition to the discovery was substantially justified or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion absent the foregoing circumstances. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## II.     PRODUCTION REQUEST NO. 5

Production Request No. 5 seeks: "All email communications by and among the Board or any employee, agent, or officer of Cape Fear Community College pertaining to Ted Spring subsequent to the date of his Employment Agreement." (Resp. to Disc. Req. No. 5). The Board initially objected to the request on the grounds that the time period covered was unreasonable and that the request was overbroad in that it did not differentiate between members of the Board in their individual and official capacities and encompassed communications by and between over 500 employees. (*Id.*). Following conferral between the parties, plaintiff indicates that he agreed to limit the request to: "emails from the staff listed [in disclosures or discovery] as having knowledge of relevant facts and circumstances for the period of September 1, 2014 through January 31, 2015 (including Camellia Rice, Amanda Lee, Melissa Singler, John Upton, David Hardin, Margaret Robinson, Robert McGee, Michelle Lee, Joel Brubaker, Christina Greene, Kennon Briggs, Teresa Williamson, Elaine Doell, and all other College staff listed in the parties' initial disclosures and discovery responses." (11 Jan. 2016 Email by Atty. Nutt (D.E. 71-3) at CM/ECF pp. 2-3). The Board accepted this compromise. In his response to the above-quoted proposal, defense counsel wrote, "yes, now that you have narrowed down the time period and list of people whose emails you would like to see produced, we can certainly work within those parameters." (11 Jan. 2016 Email by Atty. Austin (D.E. 71-3) at CM/ECF p. 2).

Plaintiff contends that the Board has not produced the documents subject to this compromise. The Board argues that it has and now objects to the request on the grounds that it is overbroad and prima facie unreasonable. It claims that production sought by this request as written would be cost prohibitive and extremely time intensive. In support of this contention, the Board provided an affidavit from a certified e-discovery and litigation technology specialist that

5

estimates the time and cost to comply with Production Request No. 5. (*See* Vicki L. Spillane Aff. (D.E. 74-1) ¶ 4).

The court finds that both parties are bound by the compromise agreement they made. Plaintiff is not entitled to enforcement of the request as written and the Board must make the production to which it agreed in the compromise, to the extent it has not already done so.

The portion of plaintiff's motion to compel relating to Production Request No. 5 is therefore ALLOWED IN PART and DENIED IN PART. The Board shall produce to plaintiff as soon as practicable, but in no event later than 28 April 2016, the documents responsive to this request, as limited by the parties' agreement as set out above, that the Board has not already produced and with respect to which it does not claim any privilege or work-product protection.

### III. PRODUCTION REQUEST NO. 8

Production Request No. 8 seeks: "All email communications between members of the Defendant Board of Trustees of Cape Fear Community College from the period beginning with consideration of Ted Spring as a candidate for employment up to, and including, the present." (Resp. to Disc. Req. No. 8). The Board objected on the grounds that the request is overbroad, seeks third-party discovery outside of its reasonable possession or control, and covers an unreasonably long period. (*Id.*). For the reasons set forth, the court will allow the motion in part and deny it in part with respect to this request.

First, the court agrees with the Board that the request as written is overbroad in scope, in part, because it does not limit the subject matter of the communications sought. It seeks every email communication between members of the Board irrespective of topic for an approximately four-year period. Such a sweeping request cannot be deemed reasonably limited, and the burden on the Board of reviewing every single email communication available to it has not been

justified. Plaintiff clarifies in his motion that the request is intended to seek documents relating to "benefits discussed, offered, and extended (or not) during the determination of [plaintiff's] compensation and benefits—as certain benefits [plaintiff] was verbally promised and received have now been asserted as 'cause' for his termination." (Pl.'s Mem. (D.E. 72) 8). As limited by this clarification—that is, email communications relating to benefits discussed, offered, and extended as part of plaintiff's compensation and benefits—the court finds the request reasonable as to subject matter of the communications sought.

Second, the court agrees with the Board that email communications by and between members of the Board, current or former, that were communicated solely in personal email accounts, that is, accounts outside of the CFCC system, are not appropriately sought from the Board in a request for production of documents to it. Rule 34 requires production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). To be deemed to have control over documents, they need not be in the responding party's physical possession. *Fisher v. Fisher*, No. CIV. WDQ-11-1038, 2012 WL 2050785, at *2 (D. Md. 5 June 2012). Rather, "'documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 361 (D. Md. 2012) (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009); *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 563–65 (D. Md. 2006) ("It is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation.").

7

Importantly, the individual trustees have been named as defendants in this litigation only in their official, and not individual, capacities. (*See* Am. Compl. 1 ¶¶ 5, 121, 126). Thus, on the claims against the trustees individually, the real party in interest is the Board, not the trustees personally. *See also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [*Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)]. It is *not* a suit against the official personally, for the real party in interest is the entity."). While the Board obviously has a relationship with its members and exchanges information with the trustees in the ordinary course of business, that relationship has not been shown to extend to the Board having access to email communications contained only in trustees' personal accounts or other trustee-related accounts outside the CFCC email system. Such emails are not included in the body of documents within the Board's "possession, custody, or control" for purposes of Rule 34.

The court disagrees with the Board that the time period covered by the request is excessive. It is, of course, appropriate to begin the period with the date on which plaintiff was first considered for the CFCC Presidency. That date appears to be no earlier than 10 May 2012, when, according to defendant, plaintiff first expressed interest in the CFCC Presidency.[1] Extension of the period through the present is not unreasonable. The possibility cannot be dismissed that relevant communications, not protected from disclosure by the attorney-client privilege or work product doctrine, will have occurred up to the present. Production up to the present shall entail production of communications occurring through the date of production and,

---

[1] In the event plaintiff contends that CFCC began considering him earlier than 10 May 2012 or the Board uncovers evidence to that effect, the parties shall confer and adjust the start date for the period covered by Production Request No. 8, as well as Production Requests Nos. 9 and 12, accordingly.

to the extent required by Fed. R. Civ. P. 26(e) (*see* Sched. Order 2), subsequently occurring communications.

The court also disagrees with the Board that the status of a sender or recipient of an email communication as a former, rather than a current, trustee negates any relevance the communication otherwise has. If the email communication is otherwise relevant, the incumbency status of the trustee is immaterial.

The portion of plaintiff's motion to compel relating to Production Request No. 8 is therefore ALLOWED IN PART and DENIED IN PART on the foregoing terms. Specifically, the request shall be limited to email communications within CFCC's system relating to benefits discussed, offered, and extended as part of plaintiff's compensation and benefits for the period from 10 May 2012 through the present, irrespective of whether any trustees who sent or received the communications are currently in office. The Board shall produce to plaintiff as soon as practicable, but in no event later than 28 April 2016, the documents sought by Production Request No. 8, as limited, that the Board has not already produced and with respect to which it does not claim any privilege or work-product protection.

## IV. PRODUCTION REQUEST NO. 9

Production Request No. 9 seeks: "Any and all written communications between any member of the Defendant Board of Trustees of Cape Fear Community College and any media outlet." (Resp. to Disc. Req. No. 9). Defendants objected on the same basis as they did with respect to Production Request No. 8. (*Id.*).

The court agrees that the lack of any limitations as to time period or subject matter render the request overbroad. It also agrees that email communications communicated outside CFCC's email system are beyond the Board's control. The court will accordingly limit this request to

9

written communications between any member of the Board and any media outlet referring or otherwise relating to plaintiff for the period from 10 May 2012 through the present. Subject to those limitations, the documents sought by this request are relevant.

The portion of plaintiff's motion to compel addressed to Production Request No. 9 is therefore ALLOWED IN PART and DENIED IN PART. The Board shall produce to plaintiff as soon as practicable, but in no event later than 28 April 2016, the documents sought in Production Request No. 9, as limited above, that the Board has not already produced and with respect to which it does not claim any privilege or work-product protection.

## V.  PRODUCTION REQUEST NO. 12

Production Request No. 12 seeks: "A copy of any and all email communications between any member of the Defendant Board of Trustees with any state agency or other agent of the state, including any district or assistant district attorney, law enforcement officer, or the North Carolina State Auditor's Office regarding Ted Spring." (Resp. to Disc. Req. No. 12). Defendant objected to the request on the grounds that the time period was unreasonable and that the request was overbroad in that it did not differentiate between members of the Board in their individual and official capacities. (*Id.*).

As with the previous requests, the court agrees that limitations on the request as written should be imposed. Accordingly, the court will limit the request to the period from 10 May 2012 through the present and to only those email communications within CFCC's email system. Subject to those limitations, the documents sought by this request are relevant.

Therefore, the portion of plaintiff's motion to compel addressed to Production Request No. 12 is ALLOWED IN PART and DENIED IN PART. The Board shall produce to plaintiff as soon as practicable, but in no event later than 28 April 2016, those documents sought in

Production Request No. 12, as limited above, that the Board has not already produced and with respect to which it does not claim any privilege or work-product protection.

## VI. ELECTRONICALLY STORED INFORMATION IN NATIVE FORMAT

Finally, plaintiff seeks production of electronically stored information in its native format, as contemplated by the terms of the discovery plan adopted by the Scheduling Order. The Board responds that its initial production of 2,576 pages was not in native format and plaintiff did not object to the non-native format of the production. (Board's Mem. (D.E. 74) 8). Since the time plaintiff raised the issue, the Board states that it has produced 2,084 documents in native format with metadata. (*Id.*). The Board has offered to re-produce in native format with metadata specific documents plaintiff identifies, but objects to re-producing all prior non-native format production. (*Id.*).

The court agrees with the Board that re-production of all documents at this point would be unduly burdensome. If there are documents, or categories of documents, for which plaintiff requests re-production in native form with metadata, plaintiff shall provide such identification to the Board as soon as practicable, but in no event later than 15 April 2016. The Board shall re-produce in native format with metadata the documents identified as soon as practicable, but in no event later than 28 April 2016, provided that the Board may move by that date pursuant to Local Civil Rule 7.1(c), E.D.N.C. for appropriate relief after conferring with plaintiff if it deems the number of documents identified to be unjustifiably large. The portion of plaintiff's motion to compel seeking re-production of the documents sought is accordingly ALLOWED IN PART and DENIED IN PART on the foregoing terms.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as followed:

1. Plaintiff's motion to compel (D.E. 71) is ALLOWED IN PART and DENIED IN PART on the terms set forth above.

2. The documents ordered to be produced herein shall be accompanied by a duly executed supplemental response to the production request pursuant to which the production is made identifying the documents being produced and a privilege log in conformance with Rule 26(b)(5)(A) listing any pre-litigation documents withheld on the basis of privilege or work-product protection, provided that the parties may modify these requirements by written agreement.

3. All documents comprising electronic files the Board produces pursuant to this Order shall be in native format with metadata, except as otherwise agreed in writing by plaintiff.

4. The court finds that the award of expenses on plaintiff's motion to compel would be unjust. Plaintiff and the Board shall accordingly bear their respective expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

SO ORDERED, this 7th day of April 2016.

_____
James E. Gates
United States Magistrate Judge