IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-84-BO

| | |
|---|---|
| TED D. SPRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| THE BOARD OF TRUSTEES OF CAPE FEAR ) | |
| COMMUNITY COLLEGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on motions to quash by defendant Burney and the State Auditor of North Carolina and plaintiff's motion for leave to file a second amended complaint. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons discussed below, the motions are granted.

## BACKGROUND

The Court incorporates by reference as if fully described herein the background and procedural history of this matter as recited in its order filed September 18, 2015. [DE 67]. In summary, plaintiff filed this suit against his former employer alleging claims for breach of the employment agreement between plaintiff and the Board of Trustees, a federal claim under 42 U.S.C. § 1983 for violation of plaintiff's constitutionally protected property and liberty interests in his employment, and a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

## ANALYSIS

The case has proceeded through discovery, and now before the Court are two motions to quash and a motion by plaintiff to amend his complaint for a second time. Since the filing of Burney's motion to quash and plaintiff's motion to file a second amended complaint, the

scheduling order was amended to extend the discovery deadline to June 30, 2016, and the dispositive motion filing deadline to July 29, 2016. [DE 85].

I. BURNEY'S MOTION TO QUASH

Defendant Burney seeks to quash a subpoena duces tecum directed to non-party Morgan Stanley Wealth Management, or alternatively a protective order which would allow him to redact privileged and confidential information. *See* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2549 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."); *see also United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). The first basis for Burney's request to quash the subpoena, namely the service of the subpoena too close in time to the expiration of the discovery period in April 2016, is now moot. Burney further contends that the information sought by the subpoena is duplicative of documentation already produced to plaintiff by the twelve other defendant-trustees in this matter.

Rule 45 of the Federal Rules of Civil Procedure provides that on a timely motion a court must under certain circumstances, including when a subpoena would subject a witness to undue burden, quash or modify a subpoena. Fed. R. Civ. P. 45(3)(A). In deciding whether to quash a subpoena or issue a protective order, a court balances the relevance of the information sought, the need of the information sought, issues concerning confidentiality, and the potential for harm to any party. *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005).

Undue burden may be found where a subpoena is directed at information held by a non-party and the information is available from another source. *See, e.g., In re Subpoena of Daniel Drasin*, No. 13-CV-00304, 2014 WL 585814, at *6 (D. Md. Feb. 12, 2014). Plaintiff has not

2

responded to Burney's argument that the information sought is duplicative of information sought from other defendants, and the Court finds that under these circumstances the subpoena duces tecum directed at information held by Morgan Stanley Wealth Management is appropriately quashed.

II.  STATE AUDITOR'S MOTION TO QUASH

The State Auditor of North Carolina has moved to quash a subpoena issued to her commanding her to appear for a deposition, contending that the subpoena seeks disclosure of protected matter and is unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The State Auditor is not a party to this action and was not personally involved her office's investigation of Cape Fear Community College or in drafting the investigative report. Moreover, the State Auditor has issued her report which represents her official position about the matters contained therein. *See* [DE 93-2 ¶¶ 7-10].

The scope of discovery permitted under Rule 45 is the same as the scope allowed under Rule 26, and relevance is "the foundation for any request for production, regardless of the individual to whom a request is made." *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (unpublished). Plaintiff's employment with Cape Fear Community College ended on January 22, 2015. The State Auditor's investigation began on February 5, 2015, and her report was issued on July 28, 2015. [DE 93-2 ¶ ¶5;7]. The State Auditor's investigation and report having occurred after plaintiff's separation from the College, the Court fails to see the relevance of evidence which could be gathered from deposing the State Auditor as she played no part in the process afforded by and decision of the Board of Trustees regarding plaintiff's employment. This is true irrespective of the fact that the State Auditor's report contains information about plaintiff's actions during his tenure at the college; because the information contained in the

3

report was not available to defendants prior to their decision to terminate or constructively discharge plaintiff, the Court finds that requiring the State Auditor to sit for a deposition in this matter would serve no relevant purpose and would be unduly burdensome. The motion to quash is therefore granted.

III.  MOTION TO AMEND COMPLAINT

Plaintiff moves for leave to file a second amended complaint. Defendants consent in part to plaintiff's motion, consenting to the substitution of parties as defendants in their official capacities but opposing plaintiff's request to add a sixth, alternative claim for relief for breach of an alleged verbal severance agreement.

Federal Rule of Civil Procedure 15 requires that leave to amend should be "freely given" by the Court when "justice so requires." Fed. R. Civ. P. 15(a). A court should deny leave "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Amendment of a complaint to add an additional claim is futile when the additional claim would not survive a motion to dismiss under Rule 12(b)(6). *See, e.g., Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

The requirements for an enforceable contract under North Carolina law are assent, mutuality of obligation, and definite terms. *Charlotte Motor Speedway, LLC v. Cty. of Cabarrus*, 230 N.C. App. 1, 7 (2013). Defendants contend that plaintiff's additional claim fails for lack of consideration. *See Wellington-Sears & Co. v. Dize Awning & Tent Co.*, 196 N.C. 748 (1929) ("Mutuality of promises means that promises, to be enforceable, must each impose a legal liability upon the promisor. Each promise then becomes a consideration for the other."). Defendants further argue that plaintiff's claim fails because of lack of definiteness of the offer.

4

In considering whether plaintiff has stated a claim for breach of contract as to his severance agreement, the Court must consider the allegations in the complaint in the light most favorable to plaintiff and accept plaintiff's well-pleaded allegations as true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). The Court has reviewed plaintiff's alternative claim for relief in light of the applicable standard and finds that plaintiff has sufficiently alleged the required elements. The motion for leave to file is therefore granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint [DE 82] is GRANTED. Defendant Burney's motion to quash [DE 80] is GRANTED and movant State Auditor of North Carolina's motion to quash [DE 93] is GRANTED.

Plaintiff is DIRECTED to file his second amended complaint within five days of the date of entry of this order. Defendants are ALLOWED fourteen days from the date of filing of the second amended complaint to amend their motion for summary judgment. Plaintiff's response to the motion for summary judgment shall be filed within twenty-one days of the date of filing of the amended motion or the expiration of the time for filing an amended motion, whichever is earlier.

SO ORDERED, this __7__ day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE